UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFONSO RUIZ,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF CALIFORNIA, et al.,<br><br>　　　　　　　Defendants. | Case No. 1:20-cv-00179-DAD-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO OBEY COURT ORDERS**<br><br>**14-DAY DEADLINE** |

On February 3, 2021, this Court issued an order dismissing this action due to Plaintiff's failure to state a cognizable claim. (Doc. 13.) The Court granted Plaintiff leave to file an amended complaint within thirty days. *Id.* Plaintiff filed a response to the order indicating his intent to file a first amended complaint. (Doc. 14.) On March 8, 2021, Plaintiff requested a thirty-day extension of time, which the Court granted. (Docs. 15, 16.)

After Plaintiff failed to file a first amended complaint, on April 29, 2021, this Court issued an order requiring Plaintiff to show cause, within twenty-one days, why this action should not be dismissed for his failure to comply with a court order or file a first amended complaint or notice of voluntary dismissal. (Doc. 17.) The Court cautioned Plaintiff: "**Failure to comply . . . will result in a recommendation that this action be dismissed for failure to state a claim and to**

///

**obey a court order."** (Doc. 32 at 2.) More than twenty-one days have passed, and Plaintiff has not responded to the order to show cause.

Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. "District courts have inherent power to control their dockets" and in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Because Plaintiff's complaint fails to state a claim and has not been superseded by an amended complaint, this case cannot proceed. Apparently, Plaintiff has abandoned this action. Whether he has done so intentionally or mistakenly is inconsequential. Plaintiff bears the responsibility to comply with the Court's orders and advance the litigation. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore. Accordingly, the Court RECOMMENDS that this action be DISMISSED for failure to state a claim and to obey a court order.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated: __**May 24, 2021**__            _____**/s/ Jennifer L. Thurston**__
                                                 CHIEF UNITED STATES MAGISTRATE JUDGE